MEMORANDUM OPINION



No. 04-04-00444-CR



Leticia BOYD,


Appellant



v.



The STATE of Texas,


Appellee




From the 227th Judicial District Court, Bexar County, Texas


Trial Court No.2003-CR-7351A


Honorable Philip A. Kazen, Jr., Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: September 8, 2004


DISMISSED

 Leticia Boyd pleaded nolo contendere to a felony offense pursuant to a plea bargain
agreement. The trial court imposed sentence in accordance with the agreement and signed a
certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." and "the
defendant has waived the right of appeal." See Tex. R. App. P. 25.2(a)(2). Boyd appealed. The clerk's
record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. See Tex. R. App.
P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right
of appeal has not been made part of the record." Tex. R. App. P. 25.2(d). 

 Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those matters that
were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2). However, if a defendant waives this limited right,
she may appeal a ruling on a written pretrial motion only if the trial court consents. See Monreal v.
State, 99 S.W.3d 615 (Tex. Crim. App. 2003). The clerk's record does not indicate the trial court
gave Boyd permission to appeal. The trial court's certification therefore appears to accurately reflect
that Boyd does not have a right to appeal. 

 On July 7, 2004, we gave Boyd notice that the appeal would be dismissed unless written
consent to appeal and an amended certification showing Boyd has the right to appeal were signed by
the trial judge and made part of the appellate record by August 9, 2004. See Tex. R. App. P. 25.2(d);
37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.-San Antonio 2003, order), disp. on merits, No.
04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. filed) (not designated for publication).
Neither written permission to appeal nor an amended certification signed by the trial court and
showing Boyd has the right to appeal has been filed. We therefore dismiss this appeal. Tex. R. App.
P. 25.2(d).

 PER CURIAM

Do not publish